EDWARD BRAUN, Plaintiff, *v.* LOUISA GILSDORFF and Others, Defendants.

Supreme Court, New York County, January 27, 1926.

**Wills — construction — testator devised remainder of estate to his children with provision that " the issue of any deceased child to have the share that the parent would have had if living "— children of bigamous marriage of testator's son not included in devise — word " issue " deemed to mean legal descendants of son — dower did not accrue in favor of son's wife.**

Children of a bigamous marriage of a deceased son of the testator whose property is the subject of an action in partition are not included in a devise by said testator to his children in remainder, " the issue of any deceased child to have the share that the parent would have had if living," since said children are not heirs of the testator and there is nothing in his will to show an intention that he desired that they should take.

The testator used the word " issue " as applied to his son in the sense of those descendants whom the law gives the right to claim.

Dower did not accrue to the wife of the testator's son, since the property never was in his possession, his death having occurred at a time when his mother was in possession as a life tenant.

ACTION for partition.

*Lachman & Goldsmith* [*Theodore Baumeister* and *Samson Lachman* of counsel], for the plaintiff.

*Foster, La Guardia & Cutler* [*A. S. Cutler* and *S. S. Groggins* of counsel] and *Weinfeld & Weinfeld,* for the defendants.

TIERNEY, J. The ancestor whose property is being partitioned devised it to his children in remainder, " the issue of any deceased child to have the share that the parent would have had if living." A son died before the vesting of the remainder. He had gone through a marriage ceremony with a woman and lived with her as a wife, and four children are the issue of this union, but during all of this time he was married to a wife, who survives him, and his second attempted marriage was bigamous and illegal. These children claim to be included in the devise as issue of the son who died. Our statutes have always refused to recognize the relation

of parent of a man to a child of a woman who was not his wife when the child was born or did not thereafter become his wife. That a woman is the parent of a child is an actual fact based on no presumption. That a man is the parent of a child is not demonstrable, but rests on the presumption from the marriage relation. Accordingly our law allows the illegitimate offspring of a woman the rights of a child under certain circumstances. "In any other case illegitimate children or relatives shall not inherit." (Decedent Estate Law, § 89.) Had the testator provided that on the death of his wife the remainder should be divided among his heirs according to the law of descent this illegitimate issue of the son's bigamous marriage would have taken nothing. They are not the heirs of the testator. His testamentary disposition to his children and their issue *per stirpes* followed the rule of descent. To sustain the defendants' contention we must assume that by using the word "issue" the testator intended to break the rule of descent and extend the benefit of his testamentary disposition to those who were not his heirs and who could claim relationship only through a putative parentage to which the law ascribes no legal standing. There is nothing in the will to indicate such an intention, and the testator must be deemed to have used the word "issue" as applied to his son in the sense of those descendants whom the law gives the right to claim the benefit of their derivation. This property was never in the possession of the son. He died while his mother was in possession as a life tenant. No dower accrued to his wife on his death under these circumstances. The remainder was devised to the testator's children and issue of deceased children as a class on the death of the widow. There was no vesting of a share on the death of the testator, but only at the termination of the life estate. A child who died before the widow had no vested interest that could be inherited or devised. Settle a decision on notice in accordance with these views.